UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** : | Civil Action No. 14-3870 (ES) |
| Plaintiff, : | |
| v. : | ORDER |
| **JOHN DOE subscriber assigned IP address 173.70.39.69,** : | |
| Defendant. : | |

This matter having come before the Court on Plaintiff's motion to Extend Time to Effectuate Service on Defendant [D.E. 8];

and it appearing that pursuant to Fed. R. Civ. P. 4(m), the deadline to effectuate service on Defendant was October 15, 2014;

and Plaintiff seeking an extension of time on the purported basis that Plaintiff is waiting to receive the Internet Service Provider's ("ISP") response and thus does not yet know Defendant's true identity, see Pl.'s Mot., D.E. 8, at 1;

and it appearing that Plaintiff has failed to file a brief in support of the motion to Extend Time, and has failed to provide a statement explaining why no such brief is necessary, in contravention of Local Civil Rule 7.1(d);[1]

---

[1] Local Civil Rule 7.1(d)(1) provides in pertinent part that "[n]o application will be heard unless the moving papers and a brief, prepared in accordance with L.Civ.R. 7.2, and proof or acknowledgement of service on all other parties, are filed with the Clerk at least 24 days prior to the noticed motion day." Further, Local Civil Rule 7.1(d)(4) provides that "[i]n lieu of filing any brief pursuant to L.Civ.R. 7.1(d)(1), (2) or (3), a party may file a statement that no brief is

and it further appearing that the Court cannot consider a motion unaccompanied by either a supporting brief or a statement that no brief is necessary, see <u>Lamberty v. Rosenberg</u>, No. 05-227 (JBS), 2008 U.S. Dist. LEXIS 25873 (D.N.J. Mar. 31, 2008);

and for good cause shown;

IT IS on this 25th day of November, 2014,

ORDERED that Plaintiff's motion for Extension of Time to Effectuate Service on Defendant [D.E. 8] is **denied**; and it is further

ORDERED that any future motion to extend time to effectuate service shall be accompanied by a brief that complies with Local Civil Rules 7.1 and 7.2, and the Federal Rules of Civil Procedure.

*s/ Michael A. Hammer*_____
**UNITED STATES MAGISTRATE JUDGE**

---

necessary and the reasons therefore." Without a brief or a statement of why no brief is necessary, a motion is procedurally defective and a Court may deny the motion for that reason. See, e.g., <u>Kennedy v. City of Newark</u>, Civ. No. 10-1405, 2011 WL 2669601, at *2 n.2 (D.N.J. July 7, 2011); <u>U.S. Small Bus. Admin. v. Klein</u>, Civ. No. 08-1964, 2009 WL 1457119, at *1–2 (D.N.J. May 26, 2009) (denying motion to dismiss because defendant filed one-page certification, but no brief, in support of motion).  Here, Plaintiff failed to file a brief in support of its motion or a statement that no brief is necessary.